FILED

October 6 2015

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 13-0641

DA 13-0641

IN THE SUPREME COURT OF THE STATE OF MONTANA

2015 MT 287

STATE OF MONTANA,

       Plaintiff and Appellee,

  v.

CASEY JAMES POITRAS,

       Defendant and Appellant.

APPEAL FROM:   District Court of the Fourth Judicial District,
In and For the County of Missoula, Cause Nos. DC 13-252 and DC 12-0412
Honorable Edward P. McLean, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Wade Zolynski, Chief Appellate Defender, Chad R. Vanisko, Assistant
Appellate Defender, Helena, Montana

      For Appellee:

          Timothy C. Fox, Montana Attorney General, C. Mark Fowler, Bureau
Chief, Appellate Services Bureau, Helena, Montana

          Kirsten H. Pabst, Missoula County Attorney, Jessica Finley, Deputy
County Attorney, Missoula, Montana

Submitted on Briefs:  September 2, 2015
Decided:  October 6, 2015

Filed:

                                  Clerk

Justice Laurie McKinnon delivered the Opinion of the Court.

¶1     Casey James Poitras appeals from an order of the Fourth Judicial District Court, Missoula County, denying Poitras's motion to suppress the results of his breath test. Poitras was arrested for suspicion of driving under the influence of alcohol and provided a breath sample on an Intoxilyzer 8000. In Justice Court, Poitras moved to bar the admission of the results of his breath sample on the basis that insufficient foundation existed to conclude that the instrument and the instrument operator were properly recertified pursuant to various sections of the Administrative Rules of Montana. The Justice Court granted Poitras's motion to suppress over the State's objection, and the State appealed the ruling to District Court. The District Court reversed, concluding that sufficient foundation existed to admit the results of Poitras's breath test under the administrative rules. On appeal to this Court, Poitras challenges the District Court's conclusion that sufficient foundation existed to admit the breath test results. We affirm the decision of the District Court.

¶2     We address the following issue on appeal: whether the District Court abused its discretion by concluding that sufficient foundation existed to admit the results of Poitras's breath test.

## FACTUAL AND PROCEDURAL BACKGROUND

¶3     On May 19, 2012, Poitras was arrested for suspicion of driving under the influence of alcohol or drugs (DUI) in violation of § 61-8-401, MCA. As part of the DUI

2

investigation, Poitras submitted to a breath test on an Intoxilyzer 8000. The Intoxilyzer registered a blood alcohol concentration of 0.149 percent.

¶4 Poitras moved to bar the admission of the results of his breath test in Justice Court.[1] Poitras's challenge to the introduction of the evidence centered on whether Missoula County's two senior operators, Officers Glenville Kedie (Senior Operator Kedie) and Jace Dicken (Senior Operator Dicken), who are tasked with recertifying all of the Intoxilyzers and Intoxilyzer operators in Missoula County, were themselves properly recertified as senior operators in accordance with the Administrative Rules of Montana. The State provided documentation showing that Senior Operator Kedie and Senior Operator Dicken had successfully completed their recertification examinations on January 12, 2012, and January 18, 2012, respectively, and were issued new recertification permits on January 31, 2012. However, the State did not provide documentation or testimony specifying when either of the two senior operators had taken their recertification examinations in the preceding years. Poitras argued that the State needed to introduce this evidence in order to show that Senior Operators Kedie and Dicken were properly recertified within 365 days prior to their recertification examinations in January 2012. Consequently, Poitras asserted that the State failed to demonstrate that Senior Operator Kedie and Senior Operator Dicken were qualified to recertify Intoxilyzers and Intoxilyzer operators, and, in turn, all of Missoula County's Intoxilyzers and Intoxilyzer operators were not properly certified when Poitras submitted to a breath test, including

---

[1] The Justice Court is not a court of record.

the Intoxilyzer 8000 used to take Poitras's breath sample and the operator who administered the breath test. The Justice Court agreed with Poitras and granted his motion to suppress over the State's objection. The State appealed the Justice Court's ruling to District Court.

¶5 The District Court reversed the Justice Court. The District Court concluded that Senior Operator Kedie's and Senior Operator Dicken's most recent recertification permits constituted sufficient foundation to conclude that they were properly certified senior operators under the Administrative Rules of Montana when Poitras submitted to a breath test. The court explained that, "because the Senior Operators in this case can document when they took their recertification examinations and that they were issued new recertification permits approximately four months before the Defendant was administered the breath test at issue in this case," the State provided adequate foundation to show that the two senior operators were properly recertified and to introduce the test results of the Intoxilyzer 8000. After the court denied Poitras's motion, he pled guilty to DUI and the court sentenced him to a six-month sentence, with all but 24 hours suspended. Poitras reserved his right to appeal the denial of his motion to suppress.

¶6 Poitras now appeals.

## STANDARD OF REVIEW

¶7 If a party appeals from a justice court that is not a court of record the district court's review is de novo. *McDunn v. Arnold*, 2013 MT 138, ¶ 12, 370 Mont. 270, 303 P.3d 1279. A district court's determination of whether sufficient foundation exists for the

4

admissibility of evidence is within the sound discretion of the court, and the court's determination will not be overturned absent a showing of abuse of discretion. *State v. Delaney*, 1999 MT 317, ¶ 6, 297 Mont. 263, 991 P.2d 461.

## DISCUSSION

¶8 *Whether the District Court abused its discretion by concluding that sufficient foundation existed to admit the results of Poitras's breath test.*

¶9 We have previously held that when a person is charged with an alcohol related driving offense the State "must lay a proper foundation for the admission of the results of alcohol concentration breath analysis." *State v. White*, 2009 MT 26, ¶ 10, 349 Mont. 109, 201 P.3d 80 (*overruled in part on other grounds by State v. Jenkins*, 2011 MT 287, 362 Mont. 481, 265 P.3d 643). Section 61-8-404(1)(b), MCA, provides that a report of the results of a person's breath test is admissible in evidence if the "test was performed by a person certified by the forensic sciences division of the department to administer the test." Section 61-8-405(5), MCA, further provides that the Department of Justice in cooperation with any appropriate agency "shall adopt uniform rules for the giving of tests and may require certification of training to administer the tests as considered necessary."

¶10 The Forensic Science Division (Division) of the Department of Justice, in accordance with its duty under § 61-8-405(5), MCA, has promulgated administrative rules that closely regulate the breath test analysis instruments that are used in determining blood alcohol concentration as well as the qualifications of the personnel that operate those instruments. *See* Admin. R. M. 23.4.201 through 225. The administrative rules

5

divide the personnel operating the instruments into two basic categories: (1) "operators" who are qualified only to administer breath tests to persons suspected of DUI; and (2) "senior operators" who are qualified to recertify the breath-test instruments, teach recertification courses, and issue recertification permits to operators. Admin. R. M. 23.4.201(13), 216 (2007). The breath-test instruments and the operators must be regularly recertified by properly certified senior operators. Admin. R. M. 23.4.213(1), 217(2) (2007).

¶11 The administrative rules require that senior operators pass annual recertification exams to maintain their certifications. Admin. R. M. 23.4.217 (2007). Specifically, senior operators must submit to a recertification examination every 365 days. Admin. R. M. 23.4.217(8) (2007). A senior operator's permit "expires the last day of the month, in the following year in which [he or she] was certified." Admin. R. M. 23.4.217(4) (2007). However, a senior operator is given a 90 day grace period to renew after the expiration of his or her permit pursuant to Admin. R. M. 23.4.217(11) (2007), which states, in part, that a senior operator "must successfully pass a recertification course within 90 days after his/her expiration date." If a senior operator "fails to recertify within the specified time frame, he/she must either attend an initial certification course or file a request, in writing, for an exemption." Admin. R. M. 23.4.217(12) (2007).

¶12 Poitras argues that his breath test results were inadmissible for lack of foundation and the District Court erred by concluding otherwise. Poitras contends that Senior Operators Kedie's and Dicken's most recent recertification permits are insufficient

foundation to demonstrate that they were properly recertified in accordance with the administrative rules. Poitras theorizes that Senior Operators Kedie's and Dicken's certifications could have expired and the grace period could have lapsed prior to the successful completion of their respective recertification examinations in January 2012, which under Admin. R. M. 23.4.217(12) (2007) would have required them to either attend an initial certification course or file a request to the Division for an exemption, rather than merely taking a recertification exam, to maintain their certifications.[2] He reasons that the "State offered no testimony or evidence as to what specific dates any senior operators may have taken recertification tests for the 2011 calendar year" and "can only show that Senior Operators Kedie and Dicken respectively took their 2012 recertification exams on January 12 and 18, 2012, which without knowing when they took the 2011 exams, says nothing about whether they were outside of the 365 + 90 day timeframe when doing so." Poitras argues further that "[t]his lack of record keeping not only invalidates senior operator certifications, but also all other certifications relying on those, such as certification of the Intoxilyzer machine, the field location, and operators."

¶13 The State responds that the "exactitude in proving up the history of certifications, in the manner Poitras advocates, is an attempt to elevate form over substance." The State argues that Senior Operators Kedie's and Dicken's most recent recertification permits constitute sufficient foundation to admit the results of Poitras's breath test under the

---

[2] The State does not contend, nor is there evidence in the record, that either senior operator requested an exemption from the Division or took an initial certification course in 2012.

7

administrative rules. The State reasons that it provided the exact date Senior Operators Kedie and Dicken were recertified in January 2012, which adequately demonstrates that they were recertified as senior operators for a period of 365 days forward under Admin. R. M. 23.4.217(8) (2007), including May 19, 2012, the day Poitras provided a breath sample. The State argues further that pursuant § 26-1-602, MCA, federal and state officials are presumed to regularly perform their duties, and the Division's issuance of the recertification permits, absent other contradictory evidence, adequately demonstrates that Senior Operators Kedie and Dicken were certified senior operators during the relevant time period.[3]

¶14    We agree with the State that sufficient foundation was laid to introduce Poitras's breath test results under the Administrative Rules of Montana. The State provided evidence showing that Senior Operator Kedie and Senior Operator Dicken took their recertification exams in January 2012 at the direction of the Division; Senior Operator Kedie and Senior Operator Dicken successfully passed their recertification exams on January 12, 2012, and January 18, 2012, respectively; and the Division issued Senior Operator Kedie and Senior Operator Dicken recertification permits on January 31, 2012.

---

[3] The State also advances two alternative arguments. First, the State argues that even if the administrative rules were not complied with the District Court may still admit the breath test results. Second, the State argues that even if Senior Operators Kedie's and Dicken's certifications expired pursuant to the administrative rules that were in effect when they passed their recertification exams in January 2012 an Emergency Rule promulgated by the Division retroactively reinstated their certifications. *See* Admin. R. M. 23.4.217 (Feb. 15, 2012). Because we conclude herein that the State provided sufficient foundation to demonstrate that the two senior operators' certifications did not expire, we do not address the State's alternative arguments.

Further, all of this occurred approximately four months prior to Poitras's breath test on May 19, 2012. While Poitras is correct that the State did not introduce evidence showing the exact date when Senior Operators Kedie and Dicken completed recertification exams in the preceding years, the State did provide foundational evidence showing that they were certified in accordance with the administrative rules when Poitras submitted to his breath test.

¶15 Furthermore, Poitras failed to present contrary evidence casting doubt on Senior Operators Kedie's and Dicken's certification credentials. Section 26-1-602, MCA, provides a statutory presumption that an official duty has been regularly performed, and such presumption is satisfactory proof of the fact, if uncontradicted. *See Miners & Merchants Bank v. Dowdall*, 158 Mont. 142, 157, 489 P.2d 1274, 1282 (1971). Although Poitras argues that Senior Operators Kedie's and Dicken's certifications could have expired and the 90 day grace period could have lapsed prior to their successful completion of the recertification examinations, Poitras presented no evidence through affidavit or testimony to support his theory. In light of the fact that the State provided evidence showing Senior Operators Kedie and Dicken were properly recertified in January 2012, we will not presume that they failed to recertify in accordance with the administrative rules prior to that time. Given the uncontradicted evidence presented by the State, sufficient foundation was laid for the District Court to conclude that Senior Operators Kedie and Dicken were certified senior operators pursuant to the administrative rules when Poitras submitted to a breath test.

¶16 Nonetheless, Poitras persists that this Court's decision in *State v. Frickey*, 2006 MT 122, 332 Mont. 255, 136 P.3d 558, requires that we arrive at a different conclusion. We disagree. In *Frickey*, we concluded that the Intoxilyzer used to collect Frickey's breath sample had not been properly recertified in accordance with the administrative rules. *Frickey*, ¶ 20. In that case, the State and Frickey agreed that the Intoxilyzer used to collect her breath sample had not been recertified for over 13 months at the time she submitted to a breath test. *Frickey*, ¶ 14. However, the State argued that under the administrative rules the Intoxilyzer need only be recertified once in a calendar year. *Frickey*, ¶ 13. This Court rejected the State's argument, concluding that as a matter of law the administrative rules required the Intoxilyzer to be recertified every 365 days. *Frickey*, ¶ 17. We accordingly held that Frickey's breath test results were inadmissible because more than 13 months had elapsed since the last recertification. *Frickey*, ¶ 20.

¶17 The instant case is readily distinguishable from *Frickey*. In *Frickey*, the State did not provide *any* evidence showing the Intoxilyzer was in compliance with the administrative rules. There, the record conclusively established that the Intoxilyzer had failed to be recertified within 365 days as required by the administrative rules. *Frickey*, ¶ 20. Here, in contrast, the State presented uncontradicted evidence that the Intoxilyzer was properly recertified. The State introduced evidence that Senior Operators Kedie and Dicken successfully passed recertification exams in January 2012, the Division issued each recertification permits on January 31, 2012, and Senior Operators Kedie and Dicken timely recertified the Intoxilyzer 8000 that was used to collect Poitras's breath sample

prior to him taking the breath test on May 19, 2012. Therefore, unlike in *Frickey*, the State has laid a foundation showing the Intoxilyzer was in compliance with the Administrative Rules of Montana when Poitras submitted to the breath test.

¶18 We conclude the District Court did not abuse its discretion when it determined a sufficient foundation existed to admit the results of Poitras's breath test. We accordingly hold the District Court did not err in denying Poitras's motion to suppress.

¶19 Affirmed.

/S/ LAURIE McKINNON

We concur:

/S/ MICHAEL E WHEAT
/S/ PATRICIA COTTER
/S/ BETH BAKER
/S/ JIM RICE