Justice Laurie McKinnon delivered the Opinion of the Court.
*671 ***401 ¶ 1 The State charged Daniel James Reger (Reger) with driving under the influence of alcohol or drugs (DUI) in the Gallatin County Justice Court. Reger moved to dismiss the State's case arguing there was insufficient probable cause for his arrest. At a hearing, the Justice Court orally granted Reger's motion to dismiss and issued a written order fourteen days thereafter. Following the Justice Court's oral order dismissing the State's case, but prior to its issuance of the written order, the State appealed to the Eighteenth Judicial District Court, Gallatin County. Reger filed a motion to dismiss for lack of subject matter jurisdiction, arguing the State's appeal was premature. The District Court concluded the State's appeal was not premature; that it had subject matter jurisdiction; and that there was sufficient probable cause to arrest Reger. A jury convicted Reger of DUI. Reger appeals from the District Court's order denying his motion to dismiss in which he argued the court lacked subject matter jurisdiction. We affirm.
¶ 2 Reger presents the following issue for review:
Did the District Court err in concluding the State's appeal was not premature and that it had subject matter jurisdiction over the proceeding?
FACTUAL AND PROCEDURAL BACKGROUND
¶ 3 In September 2015, a Gallatin County Sheriff's Deputy initiated a traffic stop after seeing Reger driving his vehicle at approximately seventy-three miles-per-hour in an area with a speed limit of forty-five miles-per-hour. The Deputy smelled alcohol emanating from Reger's vehicle, saw that his eyes were bloodshot and glassy, and heard him slur his words. Reger admitted he consumed alcohol prior to driving. The Deputy arrested Reger. Reger provided a breath sample on an Intoxilyzer 8000 that registered an alcohol content of 0.109. The State charged Reger with DUI in Gallatin County Justice Court.[1]
¶ 4 Reger filed a motion to dismiss the Justice Court proceeding, arguing the Deputy lacked probable cause to arrest Reger. At a hearing on May 6, 2016, the Justice Court granted Reger's motion orally from the bench, concluding the Deputy lacked probable cause to arrest him. Five days later, on May 11, 2016, the State filed a notice of appeal to ***402 District Court, appealing the "order granting dismissal of the State's case entered in this action on the 6th day of May, 2016." On May 20, 2016, nine days after the State filed its notice of appeal, the Justice Court entered its written findings of fact, conclusions of law, and order memorializing its May 6 oral order in which it granted Reger's motion to dismiss.
¶ 5 The District Court assumed jurisdiction. Reger filed a motion to dismiss the District Court proceeding, arguing the District Court lacked subject matter jurisdiction because the State filed its notice of appeal prematurely or before the Justice Court entered its written findings, conclusions, and order. The State responded, arguing that its appeal was timely because it can appeal from an order dismissing a case once it is issued orally from the bench. The District Court denied Reger's motion to dismiss the District Court proceeding, concluding the State's appeal was timely. A jury convicted Reger of DUI. Reger appeals the District Court's denial of his motion to dismiss in which he argued the court lacked subject matter jurisdiction.
STANDARD OF REVIEW
¶ 6 If a party appeals from a justice court that is not a court of record, the district court's review is de novo. State v. Poitras , 2015 MT 287, ¶ 7, 381 Mont. 211, 358 P.3d 200. This Court reviews a district court's ruling on a motion to dismiss for lack of subject matter jurisdiction de novo. State v. LeMay , 2011 MT 323, ¶ 72, 363 Mont. 172, 266 P.3d 1278 (citing In re Estate of Big Spring , 2011 MT 109, ¶ 20, 360 Mont. 370, 255 P.3d 121 ).
*672 DISCUSSION
¶ 7 On appeal, Reger contends the State's notice of appeal was premature because the State filed it nine days prior to the Justice Court's entry of its written findings, conclusions, and order. Therefore, Reger argues the District Court lacked subject matter jurisdiction and erred by not granting his motion to dismiss. The State responds by arguing that it timely filed its notice of appeal within ten days after the Justice Court orally dismissed its case.
¶ 8 Statutes govern the procedure for appealing from a justice court to a district court. The statutes differentiate the procedure depending on whether the defendant is appealing from a conviction or the State is appealing from an order. A defendant may appeal from a justice court to a district court by filing a written notice of appeal within ten days after "judgment is rendered" or a motion to withdraw a plea is denied. Section 46-17-311(2), MCA. The State's ability to appeal is ***403 narrowed by § 46-20-103, MCA. Generally, "the state may not appeal in a criminal case." Section 46-20-103(1), MCA. Section 46-20-103(2), MCA, sets forth eight exceptions to the general rule and allows the State to appeal from "any court order or judgment the substantive effect of which results in ... dismissing a case." Section 46-20-103(2)(a), MCA. If one or more of the exceptions apply, the State may appeal from a justice court to a district court by filing a written notice of appeal within ten days after "the date that the order complained of is given." Section 46-17-311(2), MCA. Read together, §§ 46-17-311(2) and 46-20-103(2)(a), MCA, allow the State to appeal from a justice court's dismissal of a case by filing a written notice of appeal within ten days after "the date that the order complained of is given."
¶ 9 At issue here is whether there is a distinction between the way in which a defendant perfects an appeal-by filing written notice within ten days after "judgment is rendered" or a motion to withdraw a plea is denied-and the way in which the State perfects an appeal-by filing written notice within ten days after "the date that the order complained of is given." Our caselaw and § 46-17-311(2), MCA, confirms that there is.
¶ 10 Reger relies on State v. Todd , 262 Mont. 108, 863 P.2d 423 (1993), and State v. Tweedy , 277 Mont. 313, 922 P.2d 1134 (1996), to support his contention that the State appealed prematurely because it appealed from an oral order. In Todd , Todd filed a notice of appeal from his justice court conviction before the justice court sentenced him. Todd , 262 Mont. at 110, 863 P.2d at 424. We stated, "a prerequisite for an appeal from justice court to district court is the imposition of sentence and final judgment" and concluded Todd's notice of appeal filed prior to sentencing was premature. Todd , 262 Mont. at 111, 863 P.2d at 425. We explained, "a district court does not obtain jurisdiction until sentencing and final judgment have been imposed; similarly, the justice court does not lose jurisdiction until a timely notice of appeal has been filed pursuant to the requisites of § 46-17-311, MCA." Todd , 262 Mont. at 111, 863 P.2d at 425. We concluded Todd's premature appeal was moot and the justice court retained jurisdiction through Todd's sentencing and final judgment. Todd , 262 Mont. at 111, 863 P.2d at 425.
¶ 11 In Tweedy , Tweedy filed a notice of appeal from his justice court conviction the day after the justice court held a sentencing hearing, but approximately two weeks before the justice court entered its written sentence. Tweedy , 277 Mont. at 316, 922 P.2d at 1136. Tweedy argued that the justice court orally pronounced his sentence when it held the sentencing hearing. Tweedy , 277 Mont. at 316, 922 P.2d at 1135. We ***404 concluded that Tweedy's notice of appeal filed the day after his scheduled sentencing hearing "creates a strong inference that the Justice Court orally pronounced sentence ... and that the ... sentencing order was merely a written formalization of its earlier oral sentence." Tweedy , 277 Mont. at 316, 922 P.2d at 1136. We held "Tweedy's notice of appeal to the District Court was timely" and that the district court had subject matter jurisdiction over the appeal. Tweedy , 277 Mont. at 317, 922 P.2d at 1136. We discussed a legislative requirement enacted in 1991 that would change this result if Tweedy's conviction occurred post-1991 because it would have required Tweedy's appeal be taken from a *673 judgment signed and entered on the record instead of an oral pronouncement. Tweedy , 277 Mont. at 317, 922 P.2d at 1136 ("The judgment must set forth the plea, verdict or finding, and the adjudication. If the defendant is convicted, it must set forth the sentence or other disposition. The judgment must be signed and entered on the record." Section 46-18-116, MCA (1995) ).
¶ 12 Both Todd and Tweedy analyze a defendant's appeal from a justice court conviction to a district court. Here, however, the party appealing is the State. Todd and Tweedy address the demands placed on a defendant appealing a conviction and are therefore not relevant where, like here, the State appeals the dismissal of its case. More to the point, in State v. Schwictenberg , 237 Mont. 213, 214, 772 P.2d 853, 854 (1989), the State appealed a district court's dismissal of a criminal proceeding against Schwictenberg. The proceeding originated in justice court, where the court convicted Schwictenberg. Schwictenberg , 237 Mont. at 214, 772 P.2d at 854. Schwictenberg appealed to district court and, at a hearing, the district court orally dismissed the State's case. Schwictenberg , 237 Mont. at 215, 772 P.2d at 855. The State appealed to this Court before the district court entered its written order dismissing the case and Schwictenberg argued the State's appeal was premature. Schwictenberg , 237 Mont. at 216, 772 P.2d at 855. We disagreed, finding the district court's written order did not alter the substantive effect of its earlier order of dismissal and that the "criminal proceeding against Mr. Schwictenberg was effectively dismissed upon the court's oral declaration." Schwictenberg , 237 Mont. at 217, 772 P.2d at 856. Explaining the State's appellate procedure under § 46-20-103(2)(a), MCA, we stated, "This section does not require that the order be in writing." Schwictenberg , 237 Mont. at 217, 772 P.2d at 856.
¶ 13 Here, the State's appeal is similar to the State's appeal in Schwictenberg , except that the State is appealing from the Justice Court to the District Court. As in Schwictenberg , the Justice Court's ***405 written order did not alter the substantive effect of its earlier oral dismissal and the criminal proceeding against Reger was effectively dismissed upon the Justice Court's oral declaration. We note that neither § 46-20-103, MCA, nor § 46-17-311(2), MCA, require the State to appeal from a written order. Here, Schwictenberg is controlling and we conclude that the State timely appealed from the Justice Court's oral dismissal.
¶ 14 Finally, Reger argues that a 1991 amendment to § 46-13-104, MCA, effectively overruled Schwictenberg . In 1991, the Legislature added a subsection, § 46-13-104(3), MCA, stating, "The court's final determination of any pretrial motion must state, either in writing or on the record, the court's findings of fact and conclusions of law." 1991 Mont. Laws 3083. The commission comments explain that the purpose of the "new requirement that the determination of any pretrial motion either be written or stated on the record [is] so as to be available for review." Commissioners' Comment to § 46-13-104(3), MCA.
¶ 15 Section 46-13-104(3), MCA, does not alter the State's appellate timeframe under § 46-17-311(2), MCA. The statutes apply to different parties and serve patently different purposes. Under § 46-17-311(2), MCA, the State is allowed ten days after "the date that the order complained of is given" to appeal. Under § 46-13-104(3), MCA, a court must memorialize its final determination of a pretrial motion in order to facilitate an appellate court's review. Further, Reger cites § 46-18-116, MCA, which addresses a situation, unlike here, where an oral judgment conflicts with a written judgment and sets forth the requirements of a written judgment. Reger's reliance on §§ 46-13-104(3) and 46-18-116, MCA, to support his claim that the District Court was without jurisdiction is thus misplaced. Neither statute addresses the subject matter jurisdiction of courts.
CONCLUSION
¶ 16 Sections 46-17-311(2) and 46-20-103(2)(a), MCA, allow the State to appeal from a justice court's dismissal of a case by filing a written notice of appeal within ten days after "the date that the order complained of is given." The State's appeal, filed after the Justice Court orally dismissed its *674 case, was not premature and the District Court did not err by denying Reger's motion to dismiss for lack of subject matter jurisdiction.
¶ 17 Affirmed.
We concur:
MIKE McGRATH, C.J.
JAMES JEREMIAH SHEA, J.
DIRK M. SANDEFUR, J.
JIM RICE, J.

The Justice Court in Gallatin County is not a court of record pursuant to § 3-10-101(5), MCA.